concededly liable to be devested. The term "absolute ownership" hardly needs definition. An ownership liable to be devested by any contingency arising under the instrument creating the ownership is not absolute. Any two of those grandchildren might die, and still the ownership of the property be undetermined. Giving to the will the most favorable construction possible, and assuming the bequests to be several, upon the death of any one, the share that was to be his if he reached 21 years of age goes to the survivors only on condition that they reach the age of 21. Here lies the distinction between this case and the case of Everitt v. Everitt, 29 N. Y. 39. In that case it was held that, under the language used, upon the death of the beneficiary, his share passed absolutely to the survivors, and upon that construction only was the will upheld. The provisions of this will giving the share of a grandchild .who should die before reaching 21 to those survivors only who reach that age would seem to preclude the construction which alone saved the will in the case cited, and to bring this will within the condemnation of the reasoning of the learned judge in that case. It is hardly necessary to call attention to the difference between the rule governing real property and that governing personal property. The right to suspend the power of alienation of real property may continue through two lives and a minority. The absolute ownership of personal property can be suspended only for two lives. The rules of law governing the construction of wills are not questioned by counsel; the sole contention is over the interpretation of the language used. The language, to my mind, expresses a clear intent, in the execution of which the absolute ownership of personal property may be suspended beyond two lives. This the statute forbids. The decree, therefore, must be reversed, and this provision of the will, in so far as it assumes to dispose of personal property, should be declared invalid.

Decree of the surrogate, so far as appealed from, reversed, with costs to appellant from the estate, and the fifth provision of the will declared invalid. Order to be settled by Smith, J. All concur.

---

### EVANS v. MULLER.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. DISCONTINUANCE.
　　Defendants and their attorney entered into an agreement whereby they reserved the right to settle or compromise at any stage of the case. They availed themselves of this right, and agreed to accept a compromise. Out of the moneys to be paid defendants, a sum equivalent to the percentage to which the attorney was entitled was reserved for him. He had served no answer, and averred that he could not do so, because defendants refuse to verify one. He was not a party defendant himself, and was not entitled to answer in his own behalf. *Held*, that plaintiff's motion to discontinue was properly granted, against the objection of defendants' attorney.

Appeal from special term, New York county.

Action by Rudolph H. Evans against Charles F. Muller. Order of discontinuance, and defendant appeals. Affirmed.

The following is the opinion of the court below (Scott, J.):

The agreement between Mr. Keane and his clients has been three times before the appellate division, and it has on each occasion been held that the agreement specifically reserved to each client the right, at any stage of the case, to settle or compromise upon such terms as he might think fit. They have availed themselves of this reserved right, and have agreed to accept a compromise, with which they appear to be entirely satisfied. I cannot say, upon the facts presented, that this settlement was made in fraud of the clients or of their attorney. That the attorney has a lien or claim upon the sums to be paid his clients under the compromise agreed to by them is undoubted, and is conceded by all parties. Mr. Huey, the attorney selected by the heirs to receive payment from the executors, and distribute it among those entitled thereto, has retained out of the moneys to be paid to Mr. Keane's clients a sum equivalent to the percentage to which Mr. Keane is entitled upon the sums which those clients have agreed to accept. Mr. Keane has never served an answer in behalf of his clients, and avers very frankly that he cannot do so, because they refuse to verify any answer. He is not a party defendant himself, and is not entitled to answer in his own behalf. With every desire to aid an attorney in the presentation and enforcement of an honest claim, as I have no doubt Mr. Keane's claim is, I can see no justifiable grounds upon which the plaintiff's motion to discontinue can be denied. To do so would simply result in keeping alive a litigation which imposes a cloud upon the estate, and in which Mr. Keane can, after all is said, obtain no substantial relief. The motion to discontinue will be granted, on payment of Mr. Keane's taxable costs.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

J. Noble Hayes, for appellant.
Crane & Lockwood (A. B. Crane, of counsel), for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of the court below.

---

### WATERTOWN CARRIAGE CO. v. HALL.

(Supreme Court, Appellate Division, Third Department. September 3, 1902.)

1. BANKRUPTCY—DISCHARGE—DEMAND FOR CONVERSION.

Bankruptcy Act 1898, § 17, provides a discharge in bankruptcy shall relieve a bankrupt from all his provable debts save judgments for fraud and false representations, or willful and malicious injuries to person or property, those debts created by fraud, defalcation, etc., in a fiduciary capacity, and those not duly scheduled. Section 63a, enumerating provable debts, does not specify a demand on account of goods taken, converted, etc. Section 63, subd. "b," provides for the liquidation of unliquidated claims, as did Act 1867, § 5067. *Held*, that a claim for conversion not being mentioned as a provable debt, the provisions of section 63b, referring to provable debts not made certain as to amount, and a contention that the exceptions of section 17 indicated an intention to make other debts provable than those in section 63a being of no merit, a demand for conversion is not defeated by a discharge in bankruptcy.

Appeal from special term, Saratoga county.

Action by the Watertown Carriage Company against Edwin L. Hall. From a judgment for plaintiff on demurrer to the answer, defendant appeals. Affirmed.

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 791.